IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS



FILED
OCT 24 2000

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| DRAPHY DURGINS, | ] |
| Plaintiff, | ] |
| -vs- | ] |
| CITY OF EAST ST. LOUIS, EAST ST. LOUIS POLICE DEPARTMENT, CHIEF OF POLICE COLONEL ISADORE CHAMBERS, OFFICER AUBREY KELLER, individually and as agent, employee and servant of EAST ST. LOUIS POLICE DEPARTMENT, and OFFICER BOBBY COLE, individually and as agent, employee and servant of EAST ST. LOUIS POLICE DEPARTMENT, | ] NO 97 933 WLB |
| Defendants. | ] |

## ORDER

This matter is before the court on Defendants, City of East St. Louis and Chief Isadore Chambers' Renewed Motion to Stay Execution of Judgment Pending Appeal, or in the Alternative, for an Extension of Time in Which to Post an Appeal Bond, (Doc. 121). The Plaintiff has filed a written objection to this Motion. For the reasons set forth below, the Motion is denied.

The Defendants' Motion asks the court to stay execution of the judgment pending appeal based on Rule 62(f) of the Federal Rules of Civil Procedure. This rule provides that in any state in which a judgment is a lien on the property of the judgment debtor and the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the District Court, to such a stay

as would be accorded in the state court. In the State of Illinois, however, a stay of execution is not automatic, rather, in order for the judgment to become a lien on the property of the judgment debtor, the judgment creditor must file a certified copy of the judgment with the recorder's office. **735 ILCS 5/12-101**. Accordingly, Rule 62(f) does not entitle these Defendants to an automatic stay of execution of judgment.

Furthermore, the Defendants have set forth no reasons for this court to stay execution of the judgment. Nothing in the Renewed Motion gives rise to allowing these Defendants a stay of execution, absent the posting of a *supersedeas* bond as provided in Rule 62(d) of the Federal Rules. The Defendants have alternatively asked for an extension of time in which to file a bond. Apparently, the Plaintiff has no objection to this request, and accordingly, the Defendants are granted 30 days from the date of this order to file their bond.

IT IS SO ORDERED.

DATED: This 24th day of October, 2000.

_____
WILLIAM L. BEATTY
UNITED STATES DISTRICT JUDGE